IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLCHEM PERFORMANCE PRODUCTS, L.P. | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:07-CV-1696-M |
| v. | § § | |
| DAVID FREY, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss and Alternative Motion to Transfer Venue (Docket No. 4). Defendant asserts a lack of personal jurisdiction over him and Plaintiff's failure to state a claim upon which relief can be granted. Alternatively, Defendant moves for a transfer of venue, pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Defendant's Motion is DENIED in all respects.

### I. BACKGROUND

Defendant David Frey is a resident and citizen of Illinois. Before moving to Illinois in October 2005, Defendant resided in Florida, where from June 1, 1999, until September 28, 2005, he was employed by AllChem Industries Water Treatment Group, Inc. ("AIWTG"). AIWTG was in the business of packaging and repackaging chemical products, including chemicals used in the treatment of swimming pool water. Plaintiff alleges that Defendant, as AIWTG's national sales manager, held a "position of special trust and confidence," and had access to its trade secrets and confidential, proprietary information.

Plaintiff alleges that Defendant took with him Plaintiff's customer lists, price list, and other confidential information. Plaintiff alleges that Defendant, now the National Distributor

Sales and Marketing Manager of Clearon Corporation ("Clearon"), a manufacturer of swimming pool chemicals, has been using the confidential information and trade secrets he acquired from AIWTG and from Plaintiff APP to solicit Plaintiff's customers for Clearon.

## II.  ANALYSIS

A.  **<u>Personal Jurisdiction</u>**

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). If the district court "rules on the motion without an evidentiary hearing, the plaintiff may satisfy its burden by presenting a prima facie case for jurisdiction." *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). To establish a prima facie case, the plaintiff must demonstrate that the defendant had minimum contacts with Texas. *Lewis,* 252 F.3d at 358. In deciding whether the plaintiff has made a prima facie case, the complaint's uncontroverted allegations must be taken as true, and factual conflicts must be resolved in favor of the plaintiff. *Gardemal,* 186 F.3d at 592.

A Texas court may exercise personal jurisdiction over a nonresident defendant if (1) the Texas long-arm statute creates personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction over that defendant is consistent with the due process requirements of the Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Because the Texas long-arm statute "reaches to the constitutional limits," the Court need only concern itself with the due process analysis. *Id. at 470*. The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant if "[the] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over the defendant does not offend 'traditional

notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 2001) (internal citations omitted).

1.  Minimum Contacts

Two categories of conduct may satisfy the requisite minimum contacts with the forum state: acts related to the subject suit, which establish specific jurisdiction over a defendant; or unrelated transactions, of a continuous and systematic nature, sufficient to allow a court to assert general jurisdiction over a defendant. *Lexington Servs. Assocs., Ltd. v. 730 Bienville Partners, Ltd.*, No. 3:01-CV-1180-M, 2001 U.S. Dist. LEXIS 20003, 2001 WL 1545764, at *2 (N.D. Tex. Dec. 3, 2001) (Lynn, J.). "A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Lewis v. Fresne, 252 F.3d at 358-59.* The Texas long arm statute explicitly authorizes personal jurisdiction over a party who "commits a tort in whole or in part in this state." TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2).

Plaintiff contends that Defendant's combined travel to Texas, both during the six years he was employed by AIWTG and its successors and after, when he was working to solicit business on behalf of Clearon, constitutes sufficient contact with Texas for this Court to exercise specific jurisdiction over Defendant. Defendant admits that since he resigned, he has visited Texas twice. He argues that his contacts with Texas are insufficient because (1) the visits were undertaken on behalf of Clearon; (2) the visits were only two days in duration; (3) the prospective clients he visited were readily identifiable to the public via the Internet; and (4) neither visit resulted in a sales contract.

On both visits to Texas for Clearon, Defendant contacted customers of AIWTG and its successors, which Plaintiff claims constituted a tort. Plaintiff alleges that Defendant contacted

these customers using a misappropriated customer list and other alleged trade secret information belonging to Plaintiff. These allegations are sufficient to make out a prima facie case of a tort in Texas. Accordingly, the Court finds Defendant possesses sufficient contacts with Texas to warrant this Court's exercise of specific jurisdiction over him. Because the Court reaches that conclusion, it does not reach the issue of whether it has general jurisdiction over the Defendant.

2.  Notions of Fair Play and Substantial Justice

The Court must next determine whether the exercise of jurisdiction over Defendant offends traditional notions of fair play and substantial justice. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). In conducting this fairness analysis, the Fifth Circuit has mandated that the trial court consider: (1) the burden on the nonresident defendant; (2) the interest of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies. *Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990).

Defendant has not presented any evidence or arguments that these factors weigh against a finding that the Court has jurisdiction over him. The Court therefore finds that the exercise of jurisdiction over Defendant based on alleged tortious activities in Texas comports with due process, and that this case should not be dismissed on grounds of fundamental unfairness.

B.  **Failure to State a Claim**

In considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts in the complaint must be taken as true. *Campbell v.*

*Wells Fargo Bank, NA.*, 781 F.2d 440, 442 (5th Cir. 1986). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (U.S. 2007). Factual allegations must be sufficient to raise a non-speculative right to relief. *Id.* at 1965. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Reliable Consultants, Inc. v. Earle*, No. 06-51067, 2008 U.S. App. LEXIS 3102, at *8 (5th Cir. Feb. 12, 2008). Plaintiff asserts three claims: (1) breach of contract; (2) breach of fiduciary duty; and (3) misappropriation of trade secrets and confidential information.

To succeed on a claim of breach of contract, Plaintiff must show: (1) a valid contract existed between Plaintiff and Defendant; (2) Plaintiff performed or tendered performance; (3) Defendant breached the contract; and (4) Plaintiff sustained damages as a result of the breach. *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Here, Plaintiff alleges a valid employment contract existed, with obligations of confidentiality during and after the term of Defendant's employment. Plaintiff further asserts that Defendant's misuse of the confidential information is a material and ongoing breach of his employment contract. As a result of this breach, Plaintiff claims to have suffered damages.

To succeed on a claim of breach of a fiduciary duty, Plaintiff must show: (1) a fiduciary relationship existed between Plaintiff and Defendant; (2) Defendant breached his fiduciary duty to Plaintiff; and (3) Defendant's breach resulted in injury to Plaintiff or benefited Defendant. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied). Here, Plaintiff alleges that, as its national sales manager, Defendant held a "position of special trust and

confidence," which he violated when he took with him confidential information from Plaintiff after he terminated his employment. Plaintiff further alleges that Defendant breached his fiduciary duty by using the confidential information to contact Plaintiff's customers to solicit their business for Clearon.

To succeed on a claim of misappropriation of a trade secret, Plaintiff must show that (1) a trade secret exists; (2) Defendant acquired the trade secret by breach of a confidential relationship or other improper means; and (3) Defendant used the trade secret without authorization. *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 467 (5th Cir. 2003) (applying Texas common law). Under Texas law, a customer list can constitute a protected trade secret. *See, e.g,. Hyde Corp v. Huffines*, 314 S.W.2d 763, 776 (Tex. 1958) (quoting Restatement of Torts § 757) (trade secrets may include any "compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it," and "may be . . . a list of customers."); *T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 22 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd) ("Items such as customer lists, pricing information, client information, customer preferences, [and] buyer contacts . . . have been shown to be trade secrets."). A person can be liable for use of a trade secret if his use, after he properly acquired knowledge of the secret, constitutes a breach of the confidence reposed in him. *Hyde Corp.*, 314 S.W.2d at 769. "'Use' of a trade secret means commercial use, by which a person seeks to profit from the use of the secret." *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 464 (Tex. App.—Austin 2004, pet. denied) (citing *Atlantic Richfield Co. v. Misty Prods., Inc.*, 820 S.W.2d 414, 421 (Tex. App.—Houston [14th Dist.] 1991, writ denied)).

Defendant admits that he was employed by AIWTG and its successor corporation, AllChem Industries Holding Corporation, but denies that he was employed by Plaintiff APP. Defendant argues that since he was never employed by Plaintiff, he does not owe Plaintiff any duties and therefore cannot be held liable for breach of contract, breach of fiduciary duty, or misappropriation of trade secrets and confidential information.

To refute Defendant's allegation that he was not employed by APP, Plaintiff has provided documentation showing how APP, through a merger and successive acquisitions, acquired AIWTG. Plaintiff contends that AllChem Industries Holding Corporation ("Holding Corporation") had a management agreement with APP to issue paychecks to its employees, who always worked for APP, not the Holding Corporation.

The Court finds that Plaintiff has pleaded sufficient facts to state a plausible claim that Defendant had a fiduciary relationship with APP, that Defendant breached that relationship by using confidential information to compete for APP's clients, that Defendant breached his contract with Plaintiff, and that Defendant misappropriated Plaintiff's trade secrets and confidential information.

C. **Motion to Transfer Venue**

Defendant seeks to transfer venue to the Northern District of Illinois, where the Defendant resides, or the Northern District of Florida, where the Defendant alleges a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this statute is to "place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration." *Matosky v. Manning*, No. SA-07-CV-051-WRF, 2007 U.S. Dist. LEXIS 39748,

2007 WL 1512027, at *2 (W.D. Tex. 2007) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). A district court is afforded broad discretion in deciding whether to order a transfer. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). When a motion is brought challenging the plaintiff's choice of forum, the defendant has the burden of demonstrating why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

The Fifth Circuit has established a multi-part test to determine if this burden has been met. A district court must consider a number of private and public interest factors. *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 380 (5th Cir. 2007). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.*

A substantial part of the events or omissions giving rise to the claim occurred in Texas and the Court will not consider in its analysis below a discretionary transfer to the Northern District of Florida, where the Defendant does not reside. This Court will only consider a transfer of venue to the Northern District of Illinois, where the Defendant now resides.

### 1. **Private Interest Factors**

*Relative ease of access to sources of proof*

Defendant contends that any documentary forms of proof, such as an employment agreement or confidential or trade secret information, are located in Florida. Any such documents are in APP's possession and can be easily transferred to the Northern District of Texas or the Northern District of Illinois. The Court finds this factor neutral.

*Availability of compulsory process to secure the attendance of witnesses*

This Court could not compel the attendance at trial of any witness residing more than one hundred miles from this Court. "[T]he party seeking transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Young v. Armstrong World Industries, Inc.*, 601 F. Supp. 399, 401 (N. D. Tex. 1984). Here, Defendant has not identified any witnesses who reside beyond the reach of this Court. This factor thus does not support a transfer.

*Cost of attendance for willing witnesses*

Defendant argues that the cost of attendance for willing witnesses would be substantial. Plaintiff argues that the only witness or prospective witnesses identifiable at this time are in Texas or, in the case of Plaintiff's employees, are available to come to Texas. Accordingly, this factor does not support a transfer.

*Practical considerations for expeditious adjudication*

This case is still in its nascent stages. Discovery has only recently begun, and a trial date has not been set. Since neither party would likely suffer any prejudice if the Court transferred this matter, this factor is neutral.

### 2. **Public Interest Factors**

*Court congestion*

The parties agree that this factor is neutral.

*Local interest in having localized interests decided at home*

It is well-established that the local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The Fifth Circuit has noted that when the underlying facts of a case are overwhelmingly tied to one locale, then the place of the alleged wrong "is a consideration that properly can be considered within the analysis of the local interest in having localized interests decided at home." *In re Volkswagen of Am. Inc.*, 506 F.3d at 387 n.7. Because the solicitation of Plaintiff's customers occurred in Texas, this factor weighs against transfer to the Northern District of Illinois.

*Familiarity of the forum with the law that will govern the case*

The actions giving rise to this case occurred in Texas. Thus, Texas substantive law would apply. Thus, this factor does not weigh in favor of transfer.

*Avoidance of unnecessary problems of conflict of laws*

There is no indication that this case raises any conflicts of law issues. Therefore, this factor is neutral.

Considering all of the § 1404(a) factors, the Court finds that the Northern District of Illinois is not clearly more convenient than this forum. Plaintiff's selected forum is not unrelated to the parties or the events giving rise to the case. The Defendant's alleged acts in Texas prompted the instant lawsuit. Accordingly, Plaintiff's choice of forum will be upheld.

**CONCLUSION**

For the foregoing reasons, the Court concludes that personal jurisdiction exists, that Plaintiff has stated claims upon which relief may be granted, and that venue should remain in

this District. Accordingly, Defendant's Motions to Dismiss or Transfer Venue are therefore

**DENIED**.

    **SO ORDERED.**

    **DATED**: April 21, 2008.

                                       **BARBARA M. G. LYNN**
                                       **UNITED STATES DISTRICT JUDGE**
                                         **NORTHERN DISTRICT OF TEXAS**